UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ISRAEL SARABIA AND GRACIELA SARABIA**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**LOANDEPOT.COM AND SPECIALIZED LOAN SERVICING, LLC,**<br><br>**Defendants.** | Civil Action No. |

### DEFENDANT'S NOTICE OF REMOVAL

**TO THE JUDGES AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant SPECIALIZED LOAN SERVICING LLC ("SLS") hereby removes the above-captioned action from the 41st Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

### THE REMOVED CASE

1. The removed case is a civil action filed on July 27, 2020, in the the 41st Judicial District Court of El Paso County, Texas, styled *Israel Sarabia and Graciela Sarabia v. Loandepot.com and Specialized Loan Servicing, LLC*. The case received cause number 2020-DCV-2386 in the state court.

2. Plaintiffs' Original Petition alleges causes of action for breach of contract and violation of the constitution and seeks (a) an order that Defendants and/or successors forfeit all principal and interest on the Note and Defendants reimburse Plaintiffs for all previous payments that have been made on the Note, (b) actual damages, (c) statutory damages where applicable, (d)

1

reasonable and necessary attorneys' fees, (e) prejudgment and post-judgment interest, (f) costs of suit to be taxed against Defendants, (g) all other relief, in law and in equity, to which Plaintiffs' may be justly entitled regarding the loan of property located at 11600 Chito Samaneigo Drive, El Paso, Texas 79936 (the "Property"). *See* Plaintiffs' Original Petition ("Petition").

## PROCEDURAL REQUIREMENTS

3. Venue in the Western District of Texas El Paso Division is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court action is pending.

4. In accordance with 28 U.S.C. §1446(a), Defendants attach hereto true and correct copies of all process, pleadings, and orders in the state court action to date, in addition to an Affidavit regarding the appraised value of the Property regarding the fair market value of the Property, as Exhibits 1 through 8.

5. On July 27, 2020, Plaintiffs filed suit in state court. On July 28, 2020, Plaintiff served Defendants with citation and a copy of the Petition. Accordingly, removal is timely pursuant to 28 U.S.C. §1446(b).

6. Pursuant to 28 U.S.C. § 144F6(d), a Notice of Filing Notice of Removal to Federal Court is being filed with the 41st District Court of El Paso County, Texas. Defendant will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).

## THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332

7. Pursuant to 28 U.S.C. §1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States..." 28 U.S.C.

§1332(a)(1). This case falls within this Court's original jurisdiction under Section 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.

### A.   Diversity of Citizenship

8.   According to their Original Petition, Plaintiffs are citizens and current residents of Texas. *See* Petition ¶¶ 3 and 10.

9.   SLS is a mortgage servicer organized and existing under the laws of the United States. SLS' main office is located in Colorado. SLS is thus a citizen of Colorado for purposes of determining diversity. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) (holding that a national bank is a citizen of the state where its main office is located, as designated in its articles of association).

10.   Plaintiff alleges that "LoanDepot, was at all relevant times doing business in the state of Texas. This Defendant is a foreign entity with its principal place of business outside Texas …" *See* Plaintiff's Original Petition at ¶4 ("Loandepot"). Plaintiff admits that Loandepot is not a citizen of Texas for diversity purposes. Regardless what Plaintiffs allege, BONY's principal place of business is in California.

11.   There is complete diversity of citizenship in this case because Plaintiff is not a citizen of the same states as Defendants. 28 U.S.C. §1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017 (1990).

### B.   Amount in Controversy

12.   Courts "ordinarily consult the state court petition to determine the amount in controversy." *Kew v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 56485, 6-8, 2012 WL 1414978 citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, the

Petition seeks a specific monetary demand. Plaintiffs seek monetary relief more than $100,000 but less than $200,000. *See* Petition at ¶ 30.

13. Additionally, removal is proper where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). This burden is met if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *See Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14. In actions seeking equitable relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977). Plaintiffs seek reimbursement of the principal and interest payments that have been made on the Note, retain possession of the Property, and void the lien on the property. Here, the Property is at issue. At a minimum, the CAD Value establishes the amount in controversy. *Kew v. Bank of America, N.A.*, 2012 WL 1414978, *3 (S.D. Tex. 2012); *King v. HSBC Bank USA, N.A.*, 2012 WL 3204190, *2 (W.D. Tex. 2012) (Remand denied because value of Property exceeds $75,000.00). Also Plaintiffs' original loan amount, for which they seek reimbursement, in the amount of $146,400.00, far exceeds the requisite amount in controversy. *See* Ex. 1 to Plaintiffs' Petition at P. 2.

15. Here, Plaintiffs do not allege a value to the Property, but according to the El Paso Central Appraisal District, the 2020 appraised value of the Property is $181,978 (the "CAD

Value") (Exhibit 7).[1]  It is apparent from the face of the Petition that the amount in controversy in this case exceeds the minimum amount in controversy for diversity jurisdiction.

16.     Plaintiffs seek monetary relief more than $100,000 but less than $200,000. *See* Petition at Prayer for Relief. These alleged damages, combined with the aforementioned value of the Property at issue, is sufficient to meet Defendants' burden as to amount in controversy.

## CONCLUSION

17.     For the foregoing reasons, this Court has original jurisdiction over this action under 28 U.S.C. §1332, and thus removal to this Court by Defendants is proper. Accordingly, Defendants hereby remove this action from the 41st Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully Submitted,

  //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation

Sara A. Morton
Texas State Bar No. 24051090
smorton@gallowaylawfirm.com

1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)

**ATTORNEYS FOR DEFENDANT,
SPECIALIZED LOAN SERVICING LLC**

---

[1] The El Paso Central Appraisal District Records are also available online at https://www.epcad.org/Search/Details/266177/2020 https://.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal was delivered via e-service to the following on this 13th day of August, 2020.

***VIA E-SERVICE***
ROBERT "CHIP" LANE
THE LANE LAW FIRM, P.L.L.C.
6200 SAVOY DRIVE, SUITE 1150
HOUSTON, TEXAS 77036-3300

            //s// Branch M. Sheppard
            Branch M. Sheppard